# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America<br><br>v.<br><br>AARON GRAFF,<br><br>*Defendant* | )<br>)<br>)   19-MJ- 628<br>)<br>)<br>)<br>) |

**FILED MAY 24 2019 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about May 24, 2019, in the county of ___Monroe___, in the Western District of New York, the defendant violated __18 & 26__ U.S.C. §§ _922(o) & 5861(d)_, offenses described as follows:

the defendant unlawfully possessed a machinegun and possessed an unregistered firearm.

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☐ Continued on the attached sheet.

_____
*Complainant's signature*

ADAM P. TYRNA, Special Agent
Homeland Security Investigations
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 24, 2019

_____
*Judge's signature*

City and State: Rochester, New York

Hon. Jonathan W. Feldman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

| | |
|---|---|
| STATE OF NEW YORK      ) | |
| COUNTY OF MONROE    )   SS: | |
| CITY OF ROCHESTER    ) | |

ADAM P. TYRNA, being duly sworn, deposes and states:

1. Your affiant is a special agent with Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and has been so employed for nine years. Prior to the employment with HSI, your affiant served as a U.S. Customs and Border Protection (CBP) Officer for two years. As a requirement for employment as an HSI special agent, your affiant successfully completed a twelve-week Criminal Investigator Training Program (CITP) located at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. At the conclusion of CITP, your affiant also completed an additional twelve-week ICE Special Agent Training (ICESAT) Academy. As part of the training at FLETC, your affiant received extensive instruction in the areas of immigration law, customs law, criminal law, firearms training, rules of evidence, and interview techniques. Your affiant's law enforcement experience includes conducting physical surveillance, interviewing witnesses, victims and suspects, writing affidavits for and executing search warrants, handling confidential informants, analyzing phone records obtained from subpoenas, search warrants, pen registers, trap and trace devices, and collecting and processing evidence.

1

2. I submit this affidavit in support of an application for a criminal complaint charging AARON GRAFF (hereinafter, "GRAFF") with violating Title 18, United States Code, Section 922(o) (unlawful possession of a machinegun as defined in Title 26, United States Code, Section 5845(b) of the National Firearms Act (NFA)), and Title 26, United States Code, Section 5861(d) (possession of an unregistered firearm as defined as defined in Title 26, United States Code, Section 5845(a) of the NFA). As discussed below, there is probable cause to believe that GRAFF did knowingly and willfully commit the Subject Offenses.

3. I am familiar with all aspects of this investigation as a result of my participation in this investigation, as well as conversations with other law enforcement officers, and review of documents and records obtained by individuals to include but not limited to HSI special agents, United States Postal Inspection Service (USPIS) inspectors, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) special agents, and CBP officers.

4. Because this affidavit is being submitted for the limited purpose of applying for a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts I believe are necessary to establish the required foundation for the requested criminal complaint.

## RELEVANT STATUTES

5. This investigation concerns violations of Title 18, United States Code, Section 922(o), Unlawful possession of a machinegun, as defined in Title 26, United States Code,

Section 5845(b) of the NFA; and Title 26, United States Code, Section 5861(d), Possession of an unregistered firearm, as defined as defined in Title 26, United States Code, Section 5845(a) of the NFA.

6.  Title 18, United States Code, Section 922(o) makes it a crime for any person to possess a machinegun.

7.  Title 26, United States Code, Section 5845(b) defines a machinegun as any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

8.  Title 26, United States Code, Section 5861(d) makes it a crime for any person to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

9.  Title 26, United States Code, Section 5845(a) defines a firearm as (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16

inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) any silencer (as defined in section 921 of title 18, United States Code); and (8) a destructive device. The term "firearm" shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

## PROBABLE CAUSE

10. On May 8, 2019, CBP Officer M. Klapakis intercepted a United States Postal Service (USPS) parcel entering the United States at the John F. Kennedy (JFK) International Airport in Jamaica, New York. The parcel (herein after the "Subject Parcel") was shipped from China and was addressed to Aaron GRAFF at 105 Greenlawn Drive, Rochester, New York 14622. The label on the Subject Parcel indicated that the parcel contained a "switch." Law enforcement received information that the Subject Parcel was suspected to contain a device used to convert a Glock semi-automatic pistol to fire in full-automatic mode. Pursuant to their border search authority, CBP officers examined the parcel and found part of a device used to convert a Glock semi-automatic pistol to fire in full-automatic mode. The device part is branded with the Glock logo and an inscription that reads "Made in Austria."

4

11. In addition, your affiant reviewed law enforcement information pertaining to "Glock conversion devices" and learned that these devices are being shipped into the United States from China via the USPS. The information also stated that the devices were being manifested/declared as "switches." The information contained lists of parcels that had recently been intercepted by CBP that contained these conversion devices. The Subject Parcel was on one of those lists.

12. Based upon your affiant's training, experience, and discussions with other federal law enforcement personnel related to the investigation of federal firearms law violations, your affiant is aware of conversion devices that have been designed and created for the sole purpose of converting semi-automatic Glock pistols into fully automatic machineguns. These devices vary by design and appearance, but all, when properly installed on a semi-automatic Glock pistol, will allow the firearm to expel more than one projectile by a single pull of the trigger at a rate of approximately 1,200 rounds per minute. Installation of these conversion devices is fast and simple, requires no technical expertise, and is completed by removing the polymer slide cover plate on a Glock semi-automatic pistol and replacing it with a conversion device. Your affiant also knows that these devices are referred to by different names, including but not limited to: "switches," "auto sears," "convertors," "conversion switches," "selector switches," "conversion devices," and "Fire Selector Systems for Glock" (FSSGs).

13. Based upon your affiant's training, experience, and discussions with other federal law enforcement personnel related to the investigation of federal firearms law

violations, your affiant believes the Glock conversion device meets the definition of a machinegun as defined in Title 26, United States Code, Section 5845(b). Furthermore, the ATF considers Glock conversion devices post-May 19, 1986, as machineguns. Apart from official military and law enforcement use, Glock conversion devices may only be lawfully possessed by licensed Federal Firearms Licensees (FFLs) who have paid the appropriate Special Occupational Tax (SOT) required of those manufacturing, importing, or dealing in NFA weapons. Additionally, your affiant received information from ATF special agents indicating that GRAFF had never paid the SOT, that GRAFF does not possess a New York State pistol permit, and that GRAFF is not authorized to possess a machinegun.

14. On May 8, 2019, CBPO Klapakis seized the Subject Parcel and forwarded it to your affiant for an attempted controlled delivery to the individual addressed on the parcel.

15. On May 24, 2019, law enforcement personnel from HSI, CBP, Irondequoit New York Police Department (IPD), and the New York State Police (NYSP), assisted the USPIS with the controlled delivery of the Subject Parcel to the address on the parcel. The Subject Parcel was successfully delivered to GRAFF at the address listed on the parcel. He immediately took the Subject Parcel into the residence and opened it. Law enforcement entered the residence to execute the search and encountered GRAFF and the opened Subject Parcel inside. Officers secured the location.

16. Law enforcement issued <u>Miranda</u> warnings to GRAFF which he indicated he understood and agreed waive and speak with officers. Officers interviewed GRAFF about

the Glock conversion device. GRAFF stated, in relevant part and in sum and substance, he ordered the device using his cellular telephone from Wish.com. He said he paid $10.00 for it, using a credit card. He acknowledged that this Glock conversion device was the second one he ordered and that the first one was delivered to the same address. He further admitted that he was building a "gun." When law enforcement asked him if it was a "polymer 80 percent lower kit," he acknowledged that it was. He also said it was not completed yet. During the interview, law enforcement asked GRAFF where in the house they would find the gun, referring to it as "a lower." GRAFF said they would find it in the basement.

17. During the search of the residence, law enforcement located, among other things, what appeared to be a partially assembled hand gun, that the lower assembly of the handgun was completed but was missing a barrel and missing the slide of the handgun. This was located in a bag in the rafters of the basement. A barrel, which appeared to fit with the lower assembly of the handgun, was located in a plastic container in the basement. Law enforcement found what appeared to be a second Glock conversion device in a bottom drawer of a dresser in a bedroom which GRAFF acknowledged belonged to him.

18. Bureau of Alcohol, Tobacco, Firearms and Explosives special agents have advised your affiant that no Glock auto sears are registered to GRAFF in the National Firearms Registration and Transfer Record. As such, GRAFF may not receive or possess such a firearm under Title 26, United States Code, Section 5861(d).

19. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that:

AARON GRAFF did knowingly and willfully violate United States law, specifically Title 18, United States Code, Section 922(o), (unlawful possession of a machinegun as defined in Title 26, United States Code, Section 5845(b) of the National Firearms Act (NFA)), and Title 26, United States Code, Section 5861(d) (possession of an unregistered firearm as defined as defined in Title 26, United States Code, Section 5845(a) of the NFA).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

_____
ADAM P. TYRNA
Special Agent, Homeland Security Investigations

Subscribed and sworn to before me
This 24 day of May, 2019

_____
HONORABLE JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE